IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SOUTH SIOUX CITY, NEBRASKA,<br><br>Plaintiff,<br><br>vs.<br><br>BIG OX ENERGY-SIOUXLAND, LLC, BIG OX ENERGY, INC., 2014 ACQUISITIONS 10 LLC, WELLS FARGO TRUST COMPANY, N.A., FEDERATED MUTUAL INSURANCE COMPANY, FEDERATED LIFE INSURANCE COMPANY, FEDERATED SERVICE INSURANCE COMPANY, ASSURITY LIFE INSURANCE COMPANY, CATHOLIC ORDER OF FORESTERS, NASSAU LIFE INSURANCE COMPANY, and PHL VARIABLE LIFE INSURANCE COMPANY,<br><br>Defendant. | 8:21CV21<br><br>MEMORANDUM AND ORDER |

Before the Court is Plaintiff's Motion to Remand. Filing No. 37. South Sioux City (SSC) brought this case against the defendants on theories of breach of contract, negligent misrepresentation, and seek declaratory judgment and recission of the underlying contract. Filing No. 39 at 21-22. SSC filed this case in the District County Court of Dakota County Nebraska on December 15, 2020, and the defendants removed the case to this Court on January 19, 2021. Filing No. 50 at 2-3.

**Background**

In March 2014, SSC entered a contract named "Amended and Restated Tipping Agreement" (Agreement) with Defendants. Filing No. 39-2 at 1. The purpose of the Agreement was to delineate the Plaintiff's and Defendants' duties and responsibilities in

1

operating a wastewater treatment plant. *Id.* at 2. Defendants Big Ox Energy-Siouxland, LLC and Big ox Energy, INC were responsible for the operation of the wastewater plant, including bookkeeping and environmental compliance. *Id.* at 18. Defendant Wells Fargo Trust Company, N.A. (Wells Fargo) serves as the "Lender Agent" under the Agreement. Filing No. 1-2 at 6. The Agreement defines the Lender Agent as "the collateral trustee for Lenders pursuant to Financing Agreements and each other agent or administrative agent acting on behalf of Lenders." Filing No. 1-2 at 27. Multiple entities operate as "Lender[s]" under the agreement: Federated Mutual Insurance Company, Federated Life Insurance Company, Federated Service Insurance Company, Assurity Life Insurance Company (Assurity), Catholic Order of Foresters, Nassau Life Insurance Company, and PHL Variable Life Insurance Company. Filing No. 38-1 at 4. The Agreement defines and expressly grants certain rights to the lenders. Filing No. 1-2 at 6.

Assurity is a Nebraska Insurance company with its principal place of business in Lincoln, Nebraska. Filing No. 1-2 at 3. SSC is a Nebraska Municipality classified as a city of the first class. Filing No. 1-2 at 2.

Wells Fargo first brought its own action on the same contract against South Sioux City alleging breach of contract in this Court in September 2020. 8:20-cv-359 Filing No. 1. In the first action, Wells Fargo argues SSC is obliged to pay a "Minimum Guaranteed Amount" without regard for whether or not the wastewater treatment facility was in operation. *Id.* at 2-3. That case is on its third Amended Complaint, and this Court's disposition on SSC's motion to dismiss remains outstanding.

In the present action, SSC sued Defendants in the District Court of Dakota County, Nebraska, alleging a negligent misrepresentation claim against Defendants Big Ox

2

Energy-Siouxland, LLC and Big Ox Energy and sought a declaratory judgment rescinding the Agreement. Filing No. 1-2 at 18. Plaintiff also seeks enforcement of a written decision by the South Sioux City Council denying Wells Fargo's claim for payment. Id. Wells Fargo removed this action to the United States District Court, District of Nebraska, alleging diversity jurisdiction. Filing No. 1-1 at 1. SSC moved to remand the case to the District Court of Dakota County, Nebraska, as the joinder of Assurity as a party breaks full diversity and deprives this Court of jurisdiction. Filing No. 38 at 3.

**Legal Standard**

A civil action brought in state court may be removed by a party to federal court if the federal district court would have had original jurisdiction at the time of both commencement of the action and removal. 28 U.S.C. § 1441(a). A federal district court shall have original jurisdiction over all civil actions where: (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and (2) the matter is between citizens of different states. 28 U.S.C. § 1332(a).

"Diversity Jurisdiction requires "'complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" Hubbard v. Federated Mut. Ins. Co., 799 F.3d 1224, 1227 (8th Cir. 2015) (quoting Junk v. Terminix Int'l Co., 628 F.3d 439, 445 (8th Cir. 2010)). Generally, when determining whether removal is proper, the court looks to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537–38 (1939); see Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 789–90 (8th Cir. 2012) (holding that the court's jurisdiction is measured at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated). "Any doubts about the propriety

3

of removal "should be resolved in favor of remand to state court." *Bohnenkamp v. Hog Slat, Inc.*, No. C21-4014-LTS 2021 WL 2941988, 2 (N.D. Iowa July 13, 2021) (quoting *Hubbard*, 799 F.3d at 1226-27)).

If a party has been joined solely for the purpose of breaking diversity, then the party has been joined "fraudulently," and the court may retain jurisdiction. *Hubbard*, 799 F.3d at 1227. "A party has been fraudulently joined when there exists no reasonable basis in fact and law to support a claim against it." *Id.* (quoting *Thompson v. R.J. Reynolds Tobaccos Co.*, 760 F.3d 913, 915 (8th Cir. 2014)). The removing party bears the burden of proving a party has been joined fraudulently, and that burden "requires the [movant] to do more than merely prove that the [non-movant's] claim should be dismissed pursuant to a Rule 12(b)(6) motion. *Id.* The court does not "focus on the artfulness of the plaintiff's pleadings." *Id.* (quoting *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*

Whether there remains a reasonable basis in fact or law to support a claim is a question of state law. *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). Neb. Rev. Stat. § 25-21, 149 provides for courts to have the:

> power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

Neb. Rev. Stat. § 25-21, 149. "The function of declaratory relief is to determine a justiciable controversy that is either not yet ripe by conventional remedy or, for other reasons, is not conveniently amenable to usual remedies." *State ex rel. Wagner v. Evnen*,

4

948 N.W.2d 244, 259 (Neb. 2020). "An action for a declaratory judgment cannot be used to decide the legal effect of a state of facts which are future, contingent, or uncertain." *Ryder Truck Rental, Inc. v. Rollins*, 518 N.W.2d 124, 127 (Neb. 1994). "While it is not necessary that one party have an actual right of action against another to satisfy the jurisdictional requirement of an actual controversy, it is necessary that litigation appear unavoidable." *Id.* "When a concrete, contested issue is presented * * * where there is a definite assertion of legal rights and a positive denial thereof, the required condition of being a justiciable issue is met." *Schroder v. City of Lincoln*, 52 N.W.2d 808, 813 (Neb. 1952).

Under Nebraska law, third-party beneficiaries to contracts may recover "if it appears by express stipulation or by reasonable intendment that the rights and interests of the unnamed parties were contemplated and provision was being made for them." *Spring Valley IV Joint Venture v. Nebraska State Bank of Omaha*, 690 N.W.2d 778, 782 (Neb. 2005). Ultimately, "contractual rights are generally assignable unless the terms validly preclude assignment or the assignment is contrary to statute or public policy." *Burnison v. Johnston*, 764 N.W.2d 96, 99 (Neb. 2009).

**Analysis**

The dispositive issue before the Court is whether there is any reasonable basis in law or fact for SSC to join Assurity as a party in this case. SSC argues that Assurity, as a Lender under the Agreement, is a third-party beneficiary and thus has the right to recover on the contract under Nebraska law. Filing No. 38 at 6. SSC claims to have joined the lenders to this action because they have conflicting legal interests, insofar as

5

SSC desires to have the contract declared unenforceable, and thus the lenders would be unable to recover on the Agreement. *Id.*

Alternatively, Wells Fargo contends the lenders are trustors to whom SSC has no legal obligations because of a "Consent to Assignment" agreement dated February 10, 2015, which acknowledged Wells Fargo had the contractual entitlement to payment. Filing No. 50 at 10. Wells Fargo chose not to enter the "Consent to Assignment" as an appendix into this docket, but instead cites the docket on the first action. *Id.* The "Consent to Assignment," Wells Fargo claims, demonstrates that the lenders have no contractual right to payments from SSC. *Id.* However, it admits there "may be" other contracts which outline how Wells Fargo distributes payments received to the lenders. *Id.* If there is no contractual entitlement for the lenders to receive payments, then there is no justiciable controversy, according to Wells Fargo. *Id.*

Wells Fargo has not met the burden of proving that there is no reasonable foundation in law or fact for Assurity to be joined to this action. For a party to be properly joined in a declaratory judgment action, there must be a judiciable controversy. *Hubbard,* 799 F.3d at 1227. That justiciable controversy need not be ripe, but it must be concrete and regard the definite assertion of legal rights. *Schroeder,* 52 N.W.2d at 813. SSC definitively asserts its legal rights over and against the adverse legal interest of the lenders in seeking to have the Agreement declared unenforceable as a matter of law. Filing No. 38 at 7. Further, considering this is the second action on this contract, and neither party is performing their respective obligations, this instance obviously meets the need for litigation to appear unavoidable. *Ryder Truck Rental,* 518 N.W.2d at 127.

To prove fraudulent joinder, Wells Fargo must show that there is no reasonable foundation in fact or law that could justify joining Assurity, and their principal argument rests on the assertion that Assurity is a trustor with no legal rights to payments. Filing No. 50 at 50. This argument is unavailing in the absence of any concrete documentation demonstrating the creation of a trust or the assignment of the relevant legal rights from the lenders to the lender agent. Wells Fargo has not entered any evidence definitely demonstrating the lenders have no right to the payments allegedly due under the Agreement. Indeed, Wells Fargo's own exhibits suggest the lenders retain rights under the Agreement:

> No past, present or future failure, delay or forbearance by the Collateral Trustee or the Noteholders to exercise any of their rights or remedies under the Tipping Agreement or applicable law shall operate or be construed as a waiver, modification, or estoppel of any kind of any right or remedy, or of any term, provision, representation, warranty or covenant contained in the Tipping Agreement or related agreement or document. The Collateral Trustee and the Noteholders specifically reserve all rights, remedies, claims and causes of action which each of them may possess against the Municipality and all related parties under the Tipping Agreement, Consent to Assignment, and applicable law, including, but not limited to, the right to assert that additional defaults or Events of Default exist as of this date, notwithstanding any failure by the Collateral Trustee or the Noteholders to exercise any or all of them at this time or any other time, and the right to file claims in the appropriate forum.

Filing No. 53-1 at 5. What exactly those rights are is a question of law and fact to be determined by the state courts of Nebraska. As the Eighth Circuit has explained, "if there is a 'colorable' cause of action - that is, if the state law might impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder." *Filla*, 336 F.3d at 810.

Nebraska law allows third-party beneficiaries, those parties not named in a contract but for whom the contract expressly contemplates and provides, to recover on

7

the contract. *Spring Valley IV Joint Venture*, 690 N.W.2d at 782. The Agreement explicitly provides for and delimits rights for the lenders. Filing No. 1-2 at 44-45. It is therefore, entirely reasonable to think the Nebraska courts *might* find there is a colorable issue to be determined via declaratory judgment. *Filla*, 336 F.3d at 810. Further, there does not appear to be any state law precedent that *precludes* a municipality from suing lenders for declaratory judgment. *Id.* Since it is reasonable to think the state courts might find SSC properly joined Assurity, this Court is obliged to, and will, resolve all doubts in favor of remand. *Hubbard*, 799 F.3d at 1227. Because both the plaintiff and one defendant are citizens of Nebraska, for diversity purposes, this Court does not have jurisdiction over this matter. 28 U.S.C. § 1332(a).

THEREFORE, IT IS ORDERED that Plaintiff's Motion to Remand (Filing No. 37) be granted. This case is hereby remanded to the District Court of Dakota County, Nebraska.

Dated this 16th day of September 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

8